primarily from the contents of the writing itself, . . . the words of a contract will be given a reasonable construction, a construction most equitable to the parties which would not give one of them an unfair or unreasonable advantage over the other.": *Shipley v. Pittsburgh & L.E.R. Co.*, 83 F. Supp. 722. In *Charles Dreifus, Leopold E. Block and Emanuel Dreifus, trading as Dreifus, Block & Co. v. Columbian Exposition Salvage Company*, 194 Pa. 475, 488, 45 A. 370, "cancellation" of a contract was declared to ". . . necessarily imply a waiver of all rights thereunder by the parties." Webster's New International Dictionary (2nd ed.) unabridged, defines "terminate" to mean "put an end to; to end." Thus construed, we are compelled to declare the letter from Cities Service to Haller as a cancellation and termination of the various agreements, in their entirety, and thus a rejection of Haller's offer giving Cities Service the right to purchase the property.

Appellant devoted a considerable portion of its brief to the admissibility of parol evidence where an ambiguity exists in a writing. But the letter itself is far from ambiguous and clearly sets forth the terms. Therefore, it only remained for the court to supply the legal effect to the terms thereof.

Since the letter constitutes a rejection of the option, it is not necessary to consider the appellant's remaining contention regarding the inequitable disproportion of the sums of money involved.

Decree affirmed; costs to be paid by the appellant.

Kenny Estate.

Submitted April 24, 1958.    Before JONES, C. J.,
BELL, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*John V. Doughten,* for appellant.

*William E. Schubert, Jr.,* and *Schubert* and *Schubert,* for appellee.

Opinion per Curiam, May 26, 1958:

The decree is affirmed on the opinion of Judge Lefever for the Court below reported at 10 Pa. D. & C. 2d 545. Costs on appellant.

Donnelly & Suess, Inc. *v.* Lilley, Appellant.

